UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JERROLD KESTENBERG, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ROBERT C. DWYER AND TIMOTHY M. ) <br> FURLONG, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. |

# COMPLAINT

## Parties and Jurisdiction

1. The Plaintiff, Jerrold Kestenberg ("Kestenberg"), is an individual with a residential address in Middleton, Essex County, Massachusetts.

2. The Defendant, Robert C. Dwyer ("Chief Dwyer"), is the Chief of Police for the Town of Nahant, Massachusetts, and an individual residing at 70 Atkins Avenue, Lynn, Massachusetts 01904.

3. The Defendant, Timothy M. Furlong ("Officer Furlong"), is a former police officer for the Town of Nahant, who is now employed as an officer for the City of Lynn, Massachusetts. Officer Furlong is an individual residing at 11 Mystic Avenue, Lynn, Massachusetts 01904.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331, since it arises under the Constitution, laws, or treaties of the United States.

5. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) in that the parties reside here and all of the events giving rise to the Plaintiff's claims occurred here.

## FACTS

6. Kestenberg is the former owner of a residential home located at 119 Castle Road, Nahant, Massachusetts.

7. At all times relevant to this action, Kestenberg lived in the home with his then girlfriend, Laura Scarpaci ("Scarpaci").

8. Currently, Kestenberg and Scarpaci reside together as a married couple in Middleton, Massachusetts.

9. When Kestenberg and Scarpaci lived in Nahant, their next door neighbors were a married couple, Enrichetta Ricciardelli ("Ricciardelli") and Luciano Montefusco ("Montefusco"). This couple's address was 121 Castle Road, Nahant, Massachusetts.

10. These parties had a history of disputes and legal actions against each other.

11. Ricciardelli sought and was granted a no-harassment order out of the Lynn District Court against Scarpaci in 2015. The initial order was entered against Scarpaci by default after she neglected to attend the hearing.

12. Scarpaci was the victim in an assault with a dangerous weapon charge and harassment prevention order violation out of the Lynn District Court, in which Montefusco was the Defendant.

13. As a result of the two pending criminal matters, there was a stay away order issued out of that court against Montefusco, in favor of Scarpaci.

14. Over the years after the initial harassment prevention order was entered against Scarpaci by default, Ricciardelli repeatedly called the Nahant Police claiming that Scarpaci was violating that harassment prevention.

15. Ricciardelli has testified in another legal proceeding that Kestenberg never harassed her and that her complaint was solely with Scarpaci.

16. In the process of repeatedly interacting with the Nahant Police in connection with her numerous complaints about Scarpaci, Ricciardelli developed an inappropriately friendly relationship with certain Nahant police officers, including Officer Furlong.

17. These officers would enter her home and spend time conversing with her.

18. The relationship was close enough that at one point, Ricciardelli went to the Nahant Police Station in 2016 and deposited what she claims was "evidence" against Scarpaci with Officer Furlong for safekeeping.

19. At one point in time, Ricciardelli kept reporting falsely to the Nahant Police that Scarpaci was routinely violating the anti-harassment prevention order on Wednesday afternoons.

20. In response to these false allegations, Officer Furlong set up an uncover surveillance operation which he has described as an "under cover sting" operation.

21. More specifically, Officer Furlong or some other Nahant Police Officer would sit in an unmarked police car near the parties' home.

22. From that vantage point, the Police were able to observe activity in Kestenberg's yard and quite likely in the interior of his home.

23. Unbeknownst to Kestenberg, this undercover surveillance went on for several weeks.

24. Kestenberg did not discover the existence of this surveillance until 2019 when he requested that certain documents be produced to him by the Nahant Police.

25. One of the documents was a report by Officer Furlong concerning this undercover surveillance of Kestenberg's residence.

26. The Nahant Police did not observe any violation of the anti-harassment prevention order by Scarpaci, and they eventually ended the undercover surveillance.

27. In March, 2020, during a deposition of Officer Furlong, Kestenberg learned for the first time that the Nahant Police did not obtain a search warrant to conduct this undercover surveillance.

28. According to Officer Furlong, he obtained Chief Dwyer's permission to conduct the undercover surveillance of Kestenberg's home but did not bother to obtain a search warrant.

29. Kestenberg had a reasonable expectation of privacy inside his home, at his doorstep, and in his driveway and backyard.

30. The undercover surveillance was not a momentary, isolated event, and was planned and executed over a period of several weeks.

31. The undercover surveillance of Kestenberg without a search warrant violated his reasonable expectation of privacy, and it constituted a violation of Kestenberg's rights under the Fourth Amendment.

32. Kestenberg, who is a law-abiding citizen, suffered humiliation, emotional distress, and mental anguish and suffering since discovering that his home was the subject of unlawful undercover surveillance by the Nahant Police.

33. The Defendants, acting under color of state law, deprived Kestenberg of his rights under the Fourth Amendment, and violated 42 U.S.C. § 1983.

34. The Defendants' conduct was recklessly or callously indifferent to the federally protected rights of Kestenberg.

WHEREFORE, the Plaintiff, Jerrold Kestenberg, requests this Court to enter a judgment in his favor, pursuant to 42 U.S.C. § 1983, against the Defendants, Robert C. Dwyer and Timothy M. Furlong, for compensatory damages, punitive damages, and reasonable attorney's fees, or for such other and further relief as this Court deems just and equitable.

### TRIAL BY JURY

The Plaintiff hereby requests a trial by jury on all claims or issues so triable.

JERROLD KESTENBERG

By his attorney,

　/s/ Isaac H. Peres　
Isaac H. Peres, BBO #545145
Peres Law Offices
P.O. Box 173
2171 Bay Road
Sharon, MA 02067
(617) 821-9824
isaacperes@comcast.net